BOWMAN AGRI–CORP, an Indiana Corporation, Appellant (Defendant Below),

v.

FIRST FARMERS NATIONAL BANK, Appellee (Plaintiff Below).

No. 43A03–8912–CV–538.

Court of Appeals of Indiana, Third District.

Nov. 5, 1990.

---

3. Berry does not challenge the imposition of the monetary fine and we, therefore, do not address it.

H. Joseph Certain, Preston O. Howard, Kiley, Osborn, Kiley, Harker, Rogers, Michael & Certain, Marion, for appellant.

J.A. Whitmer, James H. Milstone, Thorne, Grodnik & Ransel, Elkhart, for appellee.

HOFFMAN, Presiding Judge.

Defendant-appellant Bowman Agri–Corp appeals the trial court's grant of summary judgment to First Farmers National Bank.

The facts relevant to this appeal disclose that Bowman Agri–Corp is a family farming operation that was organized in the mid–1970's. Over the course of the years, Bowman constructed a grain elevator to augment its farming business. The elevator is used primarily by Bowman in its farming operation for grain drying and storage but excess storage is, from time to time, made available to neighboring farmers for their grain.

Norman Hill, now deceased, and Steve Hill conducted a family farming operation under the name of "Hill Farms." Hill Farms borrowed money from First Farmers National Bank for many years. In 1982, Hill Farms defaulted in its obligations to First Farmers. A promissory note was executed in the amount of $489,-485.30, which was a renewal of prior loans to Hill Farms.

By the spring of 1985, Hill Farms was without funds with which to put out a crop for the 1985 crop year. First Farmers declined to advance any further funds to Hill Farms.

In April 1985, Norman Hill approached Charles Bowman and requested assistance in the form of sufficient chemical and fertilizer to enable Hill Farms to put out a crop. Bowman contends that Hill Farms agreed to pay Bowman for the supplies advanced out of the proceeds from the sale of the 1985 crops. Although Bowman advanced the chemical and fertilizer, Bowman did not receive a written security agreement from Hill Farms nor did it file a financing statement. However, according to Charles Bowman, he spoke with Max Custer at First Farmer before loaning Hill Farms the chemical and fertilizer and was assured First Farmers did not have a lien on Hill Farms' 1985 crop; First Farmers would not advance additional funds to Hill Farms; and First Farmers would not take a lien on Hill Farms' 1985 crop.

Two days later, Charles Bowman stated that he again phoned Max Custer at First Farmers and Custer again confirmed that First Farmers did not have a lien on Hill Farms' 1985 crops, and again confirmed that First Farmers would not seek a lien on that crop. Bowman then provided the chemical and fertilizer to Hill Farms.

However in May 1985, Max Custer of First Farmers presented the option to Hill Farms of either executing a security agreement for the 1985 crop as further security for the existing debt or have its equipment repossessed and a foreclosure action initiated on its real estate. Hill Farms executed the security agreement and First Farmers recorded the financing statement.

In May and October of 1985, First Farmers sent letters notifying Bowman of its lien and directing Bowman to issue joint checks to Hill Farms and First Farmers for any payment for Hill Farms' grain. In the fall of 1985, the crops were harvested and delivered to Bowman's grain elevator. Bowman settled its account with Hill Farms on March 26, 1986 by giving Hill Farms a credit and paying the surplus to Mark Hill. After First Farmers learned that Bowman had failed to recognize its

lien on the Hill Farms' 1985 crops, it filed suit.

Because of our decision, one issue is dispositive of this appeal: whether the trial court erred in granting summary judgment when a genuine issue of material fact exists on Bowman's claim of promissory estoppel.

■ Summary judgment is appropriate only when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavit and testimony, if any, show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Creighton v. Caylor–Nickel Hosp., Inc.* (1985), Ind.App., 484 N.E.2d 1303, 1305–1306.

■ There are four elements in the doctrine of promissory estoppel. The doctrine applies where there is (1) a promise, (2) which the promisor should reasonably expect to induce action or forebearance of a definite and substantial character, (3) which does, in fact, induce such action or forbearance, and (4) injustice can only be avoided by enforcement of the promise. *Tipton County Farm Bureau Co-op v. Hoover* (1985), Ind.App., 475 N.E.2d 38, 41. This doctrine is applicable in cases involving commercial transactions as well as those involving gratuitous promises. *Lyon Metal Prod., Inc. v. Hagerman Const. Corp.* (1979), 181 Ind.App. 336, 391 N.E.2d 1152.

■ Clearly the above-stated facts raise a question as to whether First Farmers made a promise to Bowman that it would not take a lien on Hill Farms' 1985 crop. If the answer to that question is in the affirmative, it must be decided (1) whether First Farmers should have reasonably expected Bowman to loan the chemical and fertilizer to Hill Farms and forego perfecting its security interest, (2) whether the promise did, in fact, cause Bowman to act as it did, and (3) whether injustice can only be avoided by enforcement of First Farmers' promise. Whether each of these elements is fulfilled is a question of fact for the trier of fact to decide. Therefore, the trial court's grant of summary judgment is reversed and this case is remanded for trial.

Reversed and remanded.

BAKER, J., concur.

GARRARD, J., dissents with opinion.

GARRARD, Judge, dissenting.

I respectfully dissent. Accepting the evidence and inferences favoring Bowman as true, as we are bound to do, the bank told Bowman that it had not taken a security interest in Hill's 1985 crops and that it would not do so.

If the question before us was whether that might have justified Bowman in loaning the expense money and estop the bank from asserting a pre-existing priority to the crop proceeds, I would agree with the majority. But that is not the issue. Indeed, had Bowman lent the money and taken a security interest in return there would be no doubt of its priority. The problem is that it failed to do so. Thus, the issue is whether the bank's conduct reasonably induced Bowman to fail to take a security interest to protect its loan.

As the majority points out, to create a promissory estoppel there must not only be a promise but it must be one which (1) the promisor should reasonably expect to induce action or forbearance of a definite and substantial character; (2) in fact induces such action or forbearance; and (3) injustice can be avoided only by enforcement of the promise. *Tipton Co. Farm Bur. Co-op v. Hoover* (1985), Ind.App., 475 N.E.2d 38.

From the materials before the court it is apparent that Bowman was generally aware of Hill's financial problems and, in fact, contacted a number of Hill's other creditors to ascertain that they had no outstanding liens on Hill's crops (other than the lien taken by Precision Soya which provided the seed for the 1985 crop).

Under the circumstances disclosed by the record it appears to me that no reasonable jury could determine that the bank should reasonably have expected Bowman to fail to take a security interest if it made the

loan to Hill. In addition, for Bowman's actual reliance (assuming such was the case) to satisfy the requirement for a promissory estoppel, that reliance must have been reasonable. *Citizen's State Bank v. Peoples Bank* (1985), Ind.App., 475 N.E.2d 324. Again, under the circumstances here known to Bowman I believe no reasonable jury could find that requirement satisfied. While it is only the bank that Bowman seeks to estop, his knowledge of Hill's other debts and creditors is germane to the reasonableness of his failure to take a security interest at all because there is no contention that the bank's promise was that it would give Bowman priority over its own claim. Had it done that, an altogether different picture would be presented. In contrast Bowman is forced to contend that it took no security interest at all simply because the bank stated it would take none.

I would find no genuine issue and would affirm the trial court.